

U.S. Department of Justice

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

BY EMAIL

March 11, 2024

Jason Benzaken, Esquire
Benzaken & Wood, LLP
1342 Belmont Street, Suite 102
Brockton, MA 02301

    Re:    <u>United States v. Rafael Cesar Cabreja Jimenez</u>
            Criminal No. 22-CR-10211-ADB

Dear Mr. Benzaken,

    The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Rafael Cesar Cabreja Jimenez ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

    As soon as is practicable, Defendant will plead guilty to Count One of the Indictment charging conspiracy to distribute and to possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846, and Count Two of the Indictment charging Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1). Defendant is not pleading guilty to a drug weight that triggers a mandatory minimum penalty. Defendant does not admit to the applicability of 21 U.S.C. § 841(b)(1)(A)(vi) to the offenses to which he is pleading guilty. Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

    2.    <u>Penalties</u>

    Defendant faces the following mandatory minimum and maximum penalties for Counts One and Two: incarceration for up to 20 years; supervised release for three years to life; a fine of up to $1,000,000; a mandatory special assessment of $200; and forfeiture to the extent charged in

the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.   Sentencing Guidelines

The U.S. Attorney agrees based on the following calculations, that Defendant's total "offense level" under the Guidelines is 28:

a) Defendant's base offense level is 36, because the quantity of fentanyl involved is at least 12 kilograms, but less than 36 kilograms (USSG § 2D1.1(c)(2));

b) Defendant's offense level is decreased by 3 because Defendant receives a mitigating role adjustment under § 3B1.2 and the offense level specified in the Drug Quantity Table is 36 (USSG § 2D1.1(a)(5)(B)(ii));

c) Defendant's offense level is decreased by 2 because Defendant was a minor participant (USSG § 3B1.2); and

d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

The parties agree that, if (a) U.S. Probation determines that Defendant does not receive any criminal history points; and if (b) both U.S. Probation and the United States determine that Defendant otherwise meets the criteria in Guideline § 4C1.1, the United States will recommend that Defendant's offense level be reduced by two levels pursuant to § 4C1.1.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) Incarceration at the low-end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, excluding departures;

   b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 36 months of supervised release;

   d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

   e) forfeiture as set forth in Paragraph Six.

The parties agree that, if (a) U.S. Probation determines that Defendant does not receive any criminal history points; and if (b) both U.S. Probation and the United States determine that Defendant otherwise meets the criteria in Guideline § 4C1.1, the United States will recommend that Defendant's offense level be reduced by two levels pursuant to § 4C1.1.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

3

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney John T. Mulcahy.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By:  *Rilwan Adeduntan*
RILWAN ADEDUNTAN
Chief, Narcotics & Money Laundering Unit


*/s/ John T. Mulcahy*
JOHN T. MULCAHY
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

*Rafael Cabreja*
Rafael Cesar Cabreja Jimenez
Defendant

Date: 3/12/24

I certify that Rafael Cesar Cabreja Jimenez has had this Plea Agreement read to Rafael Cesar Cabreja Jimenez in Rafael Cesar Cabreja Jimenez's native language and that we have discussed what it means. I believe Rafael Cesar Cabreja Jimenez understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Jason Benzaken, Esquire
Attorney for Defendant

Date: 3/12/24